**IN THE UNITED STATES DISTRICT COURT**
**NOTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DELTA AIR LINES, INC. <br> a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> WHOLESALE RESORT SERVICES, LLC, <br> a Nevada limited liability corporation, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. _____ <br><br> Honorable _____ <br><br> Complaint for Damages <br> and Injunctive Relief |

## COMPLAINT

Plaintiff Delta Air Lines, Inc. (hereinafter "Delta" or "Plaintiff") for its Complaint against Defendant, Wholesale Resort Services, LLC (hereinafter "Wholesale" or "Defendant") alleges as follows:

## NATURE OF ACTION

1. This action is for Federal trademark infringement and counterfeiting, dilution and unfair competition involving claims arising under the Trademark Act of the United States, commonly known as the Lanham Act 15 U.S.C. §§1051 *et seq.*, for Federal Trademark Infringement and Counterfeiting; Unfair Competition Under Federal Law; Dilution Under Federal Law; Illinois Trademark Infringement; Illinois Counterfeit Trademark Act; Illinois Trademark Dilution; Unfair Competition Under Illinois Common Law; and Deceptive Trade Practices Under Illinois Law.

## PARTIES

2. Plaintiff, Delta is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1030 Delta Boulevard,

Atlanta, Georgia, United States of America, and is and has been engaged in substantial business activities within this judicial district.

3. Defendant Wholesale, upon information and belief, is a Nevada Limited Liability Corporation with, on information and belief, corporate offices located within this judicial district.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the Federal Claims pursuant to 28 U.S.C. §§1331, 1338(a), the Lanham Act 15 U.S.C. §§1114 *et seq.*, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §1338(b), and under supplemental jurisdiction, 28 U.S.C. §1367, since these claims are joined with substantial and related claims under the trademark laws of the United States, and are related to claims in the action within such original jurisdiction that they form part of the same case or controversy or derive from a common nucleus of operative fact.

5. This Court has jurisdiction over the Defendant in that Plaintiff has on information and belief, a substantial long standing business presence in this judicial district in maintaining a place or places of business within this judicial district, and has, on information and belief, committed tortious acts which occurred within this district. Upon information and belief, Defendant has purposefully availed itself of the laws of the State of Illinois and this judicial district by transacting substantial business activities within Illinois and within this judicial district, and has committed tortious acts involving persons located in Illinois.

6. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. §§1391(b) and (c), as these causes of action arise, based upon information and

belief, as a result of the Defendant maintaining a place of business within this judicial district, and doing and transacting business in this district involving underlying tortious acts involved, as such the claims arise in this district and/or a substantial part of the events giving rise to the claims arise from this district.

## GENERAL FACTUAL ALLEGATIONS

## PLAINTIFF AND ITS RESPECTIVE TRADEMARKS

7. Plaintiff Delta is one of the world's largest commercial airlines, generating over 28 billion dollars in annual revenue and offering service to more destinations than any other global airline with carrier service to 350 destinations in over 60 countries on six continents. Delta serves more than 160 million customers each year. Through Delta's long and successful efforts, its **DELTA** name and trademark and **DESIGN MARK LOGO** trademark have earned extensive good will and favorable recognition as well as a reputation for high-quality products and services. Delta's **DELTA** and **DESIGN MARK LOGO** marks are famous marks, instantly recognizable as sources of good will, high reputation, and high quality goods and services.

8. Delta offers and sells its goods and services under and in conjunction with the following **DELTA** trademark registrations in the United States:

| Registration No. | Mark | Registration Date |
|---|---|---|
| 0523611 | DELTA AIR LINES | April 4, 1950 |
| 0654915 | DELTA | November 19, 1957 |
| 0802405 | DELTAMATIC | January 18, 1966 |
| 0963228 | DELTA AIR LINES (IN OVAL LOGO) | July 3, 1973 |
| 0970418 | DELTA AIR LINES | October 9, 1973 |
| 1428763 | DELTA CONNECTION | February 10, 1987 |
| 1703774 | DELTA SHUTTLE | July 28, 1992 |
| 1733703 | DELTA CENTER | November 17, 1992 |
| 1740294 | DELTA CENTER(WITH DESIGN MARK LOGO) | December 15, 1992 |
| 2058985 | DELTA & 1960 AIRCRAFT DESIGN | May 6, 1997 |

3

| | | |
|---|---|---|
| 2408003 | DELTA VACATIONS | November 28, 2000 |
| 2662451 | DELTA AIRELITE | December 17, 2002 |
| 2980826 | DELTA CONNECTION | August 2, 2005 |
| 3890727 | DELTA SKY CLUB | December 14, 2010 |
| 3994004 | DELTA ASSIST | July 12, 2011 |

These registrations, which issued on the Principal Register, are in full force and effect. The majority of these registrations have long since acquired "incontestable" registration status. Attached as Exhibit 1 are extracts of these registrations from the United States Patent and Trademark Office.

9. Delta offers and sells its goods and services under and in conjunction with the following **DESIGN MARK LOGO** trademark registrations in the United States:

| **Registration No.** | **Mark** | **Registration Date** |
|---|---|---|
| 0704103 | DESIGN MARK LOGO | September 6, 1960 |
| 1143697 | DESIGN MARK (OPEN) | December 16, 1980 |
| 2556013 | DESIGN MARK LOGO | April 2, 2002 |

These registrations, which issued on the Principal Register, are in full force and effect. All of these registrations have acquired "incontestable" registration status. Attached as Exhibit 2 are extracts of these registrations from the United States Patent and Trademark Office.

10. Plaintiff Delta's **DELTA** and **DESIGN MARK LOGO** marks serve as unique and famous source identifiers for Plaintiff Delta and its various goods and services, including its air transportation and other travel-related services.

11. Plaintiff Delta has invested hundreds of millions of dollars in worldwide advertising and marketing in order to build the fame, reputation and good will of the **DELTA** and **DESIGN MARK LOGO** marks (collectively, the "Marks"). Delta

4

advertises through a variety of media, including Internet, television, radio, newspapers, magazines, and direct mail.

12. Plaintiff Delta promotes its goods and services on the Internet, via its own website and through advertising on the websites of third parties. Attached as Exhibit 3 please find a printout of Delta's official website, www.delta.com.

13. Through Delta's longstanding use of the **DELTA** and **DESIGN MARK LOGO** marks and promotional activities related to the marks, and due to their widespread and favorable public acceptance and recognition, the **DELTA** and **DESIGN MARK LOGO** marks have become distinctive designations of the source of origin of Delta's goods and services. The **DELTA** and **DESIGN MARK LOGO** marks have become uniquely associated with Delta and its high quality goods and services. The **DELTA** and **DESIGN MARK LOGO** marks are assets of incalculable value as symbols of Plaintiff, its quality goods and services, and its goodwill.

14. Plaintiff has spent substantial sums in advertising and promoting its **DELTA** and **DESIGN MARK LOGO** trademarks throughout the United States and in foreign commerce.

15. By reason of Plaintiff's extensive promotion and sale of their highly regarded goods and services, Plaintiff's **DELTA** and **DESIGN MARK LOGO** marks have acquired very valuable good will, recognition and renown, in the relevant trade, and the public has come to recognize the Marks as signifying Plaintiff Delta.

16. By virtue of their extensive use and promotion over the years, the **DELTA** and **DESIGN MARK LOGO** marks have developed valuable distinctiveness and secondary meaning in the marketplace. The Marks have achieved a significant and lasting

5

presence in the marketplace, causing the marks to achieve high recognition and value among consumers.

## DEFENDANT'S INFRINGING ACTS

17. Defendant is, on information and belief, involved in a fraudulent scheme designed to harm the business reputation of Delta and diminish the value of the Plaintiff's Marks, and Defendant's acts have caused, and are causing, a substantial detrimental effect on U.S. commerce by negatively impacting Plaintiff's longstanding and famous reputation.

18. Defendant, distributing in commerce and throughout the United States, has created and is sending via mail communications purporting to be from the "Awards Department" (hereafter the "Infringing Communication(s)"). The Infringing Communications display the **DELTA** and **DESIGN MARK LOGO** marks at the top of the page. A copy of one of the Infringing Communications is attached as Exhibit 4.

19. As is apparent from Exhibit 4, these Infringing Communications appear to be from a purported "Awards Department" within Plaintiff Delta due to Defendant's unauthorized and infringing use of the **DELTA** and **DESIGN MARK LOGO** marks in the Infringing Communications.

20. The Infringing Communications claim that the recipient has won a voucher for an airline ticket valid for two round trip airline tickets to anywhere in the continental United States from any major international airport. The Infringing Communications go on to state that "We have been tasked with notifying you of this award. We have attempted contacting you several times. Note that this award must be claimed by no later than 7 days after postmark. If you do not claim your award, it will be transferred to the alternate.

This is a limited time offer and can be withdrawn at any time. Flights fill quickly. Governmental taxes and fees may apply. This will be your last chance to respond." The Infringing Communications also list a "claim number," for example "3914," and states in underlining "Note: This is not a timeshare or land sales offer." The Infringing Communications are signed "Sincerely, Awards Department" with the phone number "1-877-209-4922" and states at the bottom "CALL US AT 1-877-209-4922 TO CLAIM YOUR 2 ROUND TRIP AIRLINE TICKETS WORTH UP TO $999 TODAY."

21. The Infringing Communications enclose an "Award Notification Voucher". A copy of the Awards Notification Voucher is attached as Exhibit 5. The Award Notification Voucher features the **DELTA** and **DESIGN MARK LOGO** marks, is stamped "FINAL NOTICE," lists the recipient's name under "Registered Winner Address and Zip Code," features a "Re:" of "Award: 2 Round Trip Airline Tickets" and is purportedly from the "Awards Department Division."

22. When the listed phone number on the Infringing Communications and Award Notification Voucher (1-877-209-4922) is called, the individual answering the phone upon given the claim number, "3914" states that individuals are invited to visit a location where they are entered into a drawing to win two (2) free airline tickets. Upon information and belief, the individual claim numbers are used by the Defendant to determine the location of the recipient of the Infringing Communications, at which point the caller is directed to the nearest entity affiliated with the Defendant. The individual also states that Plaintiff Delta is their biggest airline, which is why the name and marks **DELTA** and **DESIGN MARK LOGO** are listed on the Infringing Communications; however, the two (2) free tickets could be on any major airline.

7

23. Upon information and belief, Defendant Wholesale maintains a principal place of business at the same location with the same telephone number and zip codes, while advertising two separate addresses therefor, namely 681 Hickory Street, Tinley Park, Illinois 60477, telephone nos. 708-614-7475 and 708-614-5701 and 17400 Oak Park Avenue, 3rd Floor, Tinley Park, Illinois 60477, telephone no. 708-644-7475.

24. Upon information and belief, Defendant Wholesale operating under different names at different times through its Illinois locations and a Las Vegas location, 8961 West Sahara Avenue, Las Vegas, Nevada 89117, telephone no. 702-478-6666 and fax no. 702-534-0444, and its website, www.wholesaleresortservices.com, advertises and/or sells and/or otherwise promotes for sale vacation services and/or vacation packages which involve and/or use the Infringing Communications to customers and prospective customers. When the Tinley Park number 708-614-7475, common to both advertised Tinley Park locations, is called the telephone is answered by an individual identifying the Defendant Wholesale at the Tinley Park location(s).

25. Upon information and belief, Defendant Wholesale designs, prepares, produces, manufactures, and/or has manufactured the Infringing Communications and mailed, e-mailed, and/or otherwise distributed and/or has had mailed, e-mailed, and/or distributed the Infringing Communications in commerce, and throughout the United States.

26. Due to the content of the Infringing Communications, including the purported Award Notification Voucher, and Defendant's use of the **DELTA** and **DESIGN MARK LOGO** marks, it appears to recipients as though Delta is offering two free round trip tickets to the recipient.

8

27. Upon information and belief, the Defendant, in some improper manner acquired and misappropriated Plaintiff's member list and member information for its frequent flyer membership club SkyMiles®, as the recipients of these Infringing Communications that have complained to Plaintiff regarding these Communications are SkyMiles® members and are actual or potential customers of Delta.

28. Delta derives actual and/or potential economic value from its member list and member information for its frequent flyer membership club SkyMiles® due to it being generally unknown to other persons who can obtain economic value from disclosure of the member list and/or member information, and Delta takes reasonable efforts to maintain the secrecy or confidentiality of the member list and member information for its frequent flyer membership club SkyMiles®.

29. These Infringing Communications, and the enclosed Award Notification Voucher, are fake. They are in no way from Delta or an "Awards Department" associated with Delta. Plaintiff has not negotiated any such airline ticket giveaway with or through Defendant. Plaintiff has not authorized the Defendant to use in any way its **DELTA** and/or **DESIGN MARK LOGO** trademarks. Plaintiff is in no way affiliated with the Defendant. Plaintiff has in no way agreed to promote and/or sponsor such a giveaway through Defendant.

30. Upon information and belief, Defendant is also sending and/or otherwise distributing bogus postcards to third-party recipients offering two (2) roundtrip airfares within the continental U.S. (hereafter the "Postcard(s)"). Attached as Exhibit 6 is a copy of the front and back of a Postcard. The front of the Postcard features an airplane with the

9

DELTA and DESIGN MARK LOGO marks in the bottom left-hand corner and "FLY AWAY ESCAPE" in the bottom right-hand corner.

31. The back of the Postcard features "DELTA" on the top center of the postcard, followed with a salutation to the recipient, and the language, "Congratulations! You have been selected to receive 2 Round Trip Airfares within the continental US. CALL WITHIN 48 HOURS AND YOU WILL ALSO RECEIVE A BONUS 3 DAY 2 NIGHT HOTEL STAY! WE HAVE BEEN TRYING TO CONTACT YOU! (THIS IS NOT A TIMESHARE OR LAND SALE OFFER). To claim this special offer, simply call 1-888-615-7656".

32. Upon information and belief, Defendant Wholesale is mailing and/or otherwise distributing in commerce these Postcards to recipients throughout the United States. Due to the content of the Postcard and Defendant's use of the **DELTA** and **DESIGN MARK LOGO** marks, it appears to recipients as though Delta is offering two free round trip airline tickets to the recipient.

33. Certain of these Postcards discovered and identified by Delta feature the phone number 1-800-707-7496.

34. These Postcards are fake and fraudulent. They are in no way associated with Delta. Plaintiff has not negotiated any such airline ticket giveaway with or through Defendant. Plaintiff has not authorized Defendant to use in any way its **DELTA** and/or **DESIGN MARK LOGO** trademarks in said Postcards or mailers or any other type of promotional materials, printed or otherwise. Plaintiff is in no way affiliated with the Defendant. Plaintiff has in no way agreed to promote and/or sponsor such a giveaway through Defendant.

10

35. By using Delta's name and marks in the aforementioned manners, Defendant is passing itself off as a representative and/or agent and/or partner of Delta, and Defendant makes it appear that Delta endorses its promotional giveaway.

36. Defendant's unlawful acts occurred in this judicial district and in commerce, and were directed to cause and have caused injury to Plaintiff within this judicial district and in commerce.

37. Consumers who encounter Defendant's unauthorized uses of Plaintiff's Marks in association with Defendant's fraudulent promotions are likely to believe that Defendant and its services are related to Plaintiff or approved by, associated or affiliated with Plaintiff when, in fact, this is not the case.

38. The effect of Defendant's conduct is to harm Plaintiff and its business reputation because such conduct is likely to cause confusion, to cause mistake, or to deceive the public and the trade to believe that Defendant and its fraudulent services originate with or are related to Plaintiff, or are licensed by, sponsored or approved by, connected with, or associated or affiliated with Plaintiff, when this is not the case.

39. Defendant's conduct, as described above, harms the business reputation of Plaintiff and causes dilution of the distinctive quality of Plaintiff's **DELTA** and **DESIGN MARK LOGO** marks, which are famous. Defendant's dilution of the famous **DELTA** and **DESIGN MARK LOGO** marks began after such marks became famous.

40. Defendant has, on information and belief, intentionally and willfully attempted to trade upon the goodwill of Plaintiff and Plaintiff's **DELTA** and **DESIGN MARK LOGO** trademarks.

41. As a result of Defendant's unfair and infringing acts or misappropriations, Plaintiff has been irreparably damaged and unless Defendant's infringing and fraudulent activities are enjoined, Plaintiff will continue to suffer irreparable injury and harm to its property and goodwill. Plaintiff cannot ascertain the precise amount of its damages at this time.

## COUNT I

### (Federal Trademark Infringement and Counterfeiting)

42. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 41 hereof as if set forth in full.

43. Defendant's unauthorized use in commerce of the **DELTA** and **DESIGN MARK LOGO** marks within the Infringing Communication, including the Notification Award Voucher, and/or the Postcard, all sent to third parties, upon is likely to result in confusion, deception, or mistake and therefore constitutes an infringement of Plaintiff's registered trademarks pursuant to 15 U.S.C. §§ 1114 *et seq*.

44. Defendant has used, and is continuing to use, the **DELTA** and **DESIGN MARK LOGO** marks with full knowledge of Plaintiff's prior and extensive rights in its trademarks, and with an intent and purpose to trade upon the goodwill of Plaintiff's **DELTA** and **DESIGN MARK LOGO** trademarks. The Defendant's infringement is thus willful and deliberate.

## COUNT II

### (Unfair Competition Under Federal Law)

45. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 44 of this Complaint as if set forth in full.

46. Defendant's unauthorized use in commerce of the **DELTA** and **DESIGN MARK LOGO** marks constitutes a false designation of origin and a false or misleading representation of fact that is likely to confuse or deceive consumers, or cause consumers to believe mistakenly that Defendant and/or its services are offered by Plaintiff, or are otherwise affiliated, connected, or associated with, or sponsored or approved by Plaintiff and therefore constitutes unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

47. Defendant's use in commerce of **DELTA** and **DESIGN MARK LOGO** in connection with Defendant's marketing, distribution, promotion and sale to the consuming public of services and goods, specifically travel-related goods and services, constitutes a misappropriation of the distinguishing and identifying features which Plaintiff created through substantial effort and expense, thus evoking from the trade, consumers and others an immediate commercial impression or association favorable to Defendant, based on and derived from Plaintiff's respective **DELTA** and **DESIGN MARK LOGO** trademarks and the goodwill associated therein.

48. Defendant's use of the **DELTA** and **DESIGN MARK LOGO** trademarks constitute false representations that Defendant has some connection or association with, or sponsorship by Plaintiff, and that the services and goods identified with Plaintiff are available from Defendant.

49. Said actions of Defendant constitutes violations of 15 U.S.C. §1125(a) in that such false designation and representations of origin and quality are used on or in connection with the services and products that Defendant causes to enter into, or to affect commerce, which may lawfully be regulated by Congress.

50. Defendant has used, and is continuing to use, the **DELTA** and **DESIGN MARK LOGO** trademarks with full knowledge of Plaintiff's extensive and longstanding rights in the **DELTA** and **DESIGN MARK LOGO** trademarks, and therefore with an intent and purpose to trade upon the goodwill of Plaintiff's trademarks **DELTA** and **DESIGN MARK LOGO**. Defendant's infringement is thus willful and deliberate.

## COUNT III

### (Dilution Under Federal Law)

51. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 50 hereof as if set forth in full.

52. The use by Defendant of the **DELTA** and **DESIGN MARK LOGO** trademarks, alone or in combination with other words or symbols, will dilute, or is likely to dilute, the distinctive quality of Plaintiff's exceptionally well-known and famous **DELTA** and **DESIGN MARK LOGO** trademarks, and therefore constitutes federal trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. §§ 1125(c), as amended by the Federal Trademark Dilution Act of 1995.

53. Defendant has used and continues to use the **DELTA** and **DESIGN MARK LOGO** trademarks with full knowledge of Plaintiff's long prior rights and fame of their respective **DELTA** and **DESIGN MARK LOGO** trademarks, and, based upon information and belief, Defendant's use thereof is with a deliberate intent and purpose to trade upon the goodwill of Plaintiff's trademarks or to dilute the distinctive quality thereof, blur and diminish the distinctive quality of the Plaintiff's respective **DELTA** and **DESIGN MARK LOGO** trademarks and lessen the Marks' capacity to identify and distinguish the services and goods of Plaintiff.

## COUNT IV

### (Illinois Trademark Infringement)

54. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 53 hereof, as if fully set forth in full.

55. Defendant's unauthorized use in commerce of the **DELTA** and **DESIGN MARK LOGO** trademarks is likely to result in confusion, deception or mistake and therefore constitutes an infringement of Plaintiff's name and trademark **DELTA** and **DESIGN MARK LOGO** pursuant to 765 ILCS § 1036/*et seq*.

56. Defendant has used, and is continuing to use, Plaintiff's **DELTA** and **DESIGN MARK LOGO** with full knowledge of Plaintiff's prior and extensive rights in its name and trademarks **DELTA** and **DESIGN MARK LOGO**, and such continuing use is therefore with an intent and purpose to trade upon the goodwill of Plaintiff's name and trademarks **DELTA** and **DESIGN MARK LOGO**. Defendant's infringement is thus willful and deliberate.

## COUNT V

### (Illinois Counterfeit Trademark Act)

57. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 56 hereof, as if fully set forth in full.

58. Defendant's unauthorized use in commerce of the identical federally registered **DELTA** and **DESIGN MARK LOGO** trademarks, said registrations having issued on the Principal Register, within the unsolicited Communication and/or Postcard sent via mail to third parties intended to be used in connection with Defendant's services

is likely to result in confusion, deception or mistake and therefore constitutes a violation of the Illinois Counterfeit Trademark Act, 765 ILCS § 1040/*et seq*.

59. Defendant has used, and is continuing to use, the **DELTA** and **DESIGN MARK LOGO** marks with full knowledge of Plaintiff's prior and extensive rights in its name and trademarks **DELTA** and **DESIGN MARK LOGO**, and such continuing use is therefore with an intent and purpose to trade upon the goodwill of Plaintiff's name and trademark **DELTA** and **DESIGN MARK LOGO**. Defendant's counterfeiting actions are thus willful and deliberate.

## COUNT VI

### (Illinois Trademark Dilution)

60. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 59 hereof as if set out in full.

61. Defendant's use of the **DELTA** and **DESIGN MARK LOGO** marks in connection with the sale of Defendant's products and/or services, over the quality of which Plaintiff can exercise no control, creates a likelihood of injury to Plaintiff's business reputation and of dilution of the distinctive quality or Plaintiff's famous the **DELTA** and **DESIGN MARK LOGO** marks in violation of 765 ILCS § 1036/65.

62. Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to Plaintiff for which Plaintiff is without an adequate remedy at law.

## COUNT VII

**(Unfair Competition Under Illinois Common Law)**

63. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 62 hereof as if set out in full.

64. Defendant's use of the **DELTA** and **DESIGN MARK LOGO** marks is being done with the intent to palm off its products and services as originating from or having the sponsorship, affiliation or approval of Plaintiff in order to trade on the goodwill created by Plaintiff in its name and trademarks **DELTA** and **DESIGN MARK LOGO**. This use has continued in bad faith despite Defendant's knowledge of Plaintiff's federally registered **DELTA** and **DESIGN MARK LOGO** trademarks and Defendant's problematic and infringing use of the **DELTA** and **DESIGN MARK LOGO** marks.

65. Defendant's unauthorized use constitutes the common law tort of unfair competition.

## COUNT VIII

**(Deceptive Trade Practices Under Illinois Law)**

66. Plaintiff realleges and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 65 hereof as if set out in full.

67. Defendant's use of Plaintiff's marks **DELTA** and **DESIGN MARK LOGO** in conjunction with the same and/or similar related products and services of Plaintiff constitutes a deceptive trade practice in violation of 815 ILCS 510/2 et seq. insofar as it:

(a) passes off Defendant's products and services as that of Plaintiff Delta;

(b) causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of its goods;

  (c) causes a likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by Plaintiff Delta;

  (d) represents that Defendant's goods and services have sponsorship or approval that they do not have.

  68. Defendant's acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

  69. Upon information and belief, Defendant has willfully engaged in the deceptive trade practices.

## PRAYER FOR RELIEF

  WHEREFORE, Plaintiff prays for judgment as follows:

  1. That Defendant, its directors, officers, agents and employees, successors and assigns and all others acting in knowing consort with it, be jointly and severally preliminarily and then permanently restrained and enjoined from:

  a. Using Plaintiff's **DELTA** and **DESIGN MARK LOGO** trademarks, or any confusingly similar mark or designation, in connection with the marketing, promotion and sale of travel-related goods or services;

  b. otherwise infringing Plaintiff's respective trademarks **DELTA** and/or **DESIGN MARK LOGO**;

  c. engaging in any other or further acts of unfair competition against Plaintiff;

  d. using any trademark or trade name which will be likely to dilute the distinctive quality of Plaintiff's trademarks **DELTA** and/or **DESIGN MARK LOGO** or tarnish the business reputations of Plaintiff;

  e. engaging in any deceptive trade practices in the offering of goods or services under the designations **DELTA** and/or **DESIGN MARK LOGO** or any other variation or simulation of Plaintiff's trademarks;

  f. engaging in any deceptive business practice in the offering of goods and/or services under the designations **DELTA** and/or **DESIGN MARK LOGO** or any other variations or simulations of the Plaintiffs' trademarks; and

 2. That Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements or other materials in their possession or custody and control which are within the United States of America, their territories and possessions, and any other foreign country, which display the marks **DELTA** and/or **DESIGN MARK LOGO**, including all copies of the Communication and/or the Postcard, and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

 3. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

  a. All profits received by Defendant from sales and revenues of any kind made as a result of Defendant's infringing and diluting actions, said amount to be trebled;

b. All damages sustained by Plaintiff as a result of Defendant's acts of infringement, unfair competition, dilution, and deceptive trade practices and that such damages be trebled;

c. Statutory damages as permitted; and

d. Punitive damages, in view of the willful nature of Defendant's acts.

4. That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees from Defendant, due to the exceptional nature of this case resulting from Defendant's deliberate infringing and diluting actions, pursuant to 15 U.S.C. § 1117.

5. That Defendant be required to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

6. That Plaintiff has such other and further relief at law or in equity as is warranted by the facts established at trial or which this Court may deem as just and equitable.

        Respectfully submitted,

By:   /s/ Burton S. Ehrlich\_\_
       Burton S. Ehrlich
       One of Plaintiff's attorneys

Burton S. Ehrlich
Bar No. 0721018
John P. Luther
WSBA No. 34115
Ladas & Parry LLP
224 South Michigan Avenue
Suite 1600
Chicago, Illinois 60604
(312) 427-1300